UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 688 |
| v. ) | |
| ) | Judge Rebecca R. Pallmeyer |
| JOSEPH BANKS ) | |
| aka "Jose Banks" ) | |
| ) | |

**GOVERNMENT'S MOTION FOR BASIS OF EXPERT OPINION**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court to order defendant to produce additional expert discovery. In support of this motion, the government states as follows:

1. On December 18, 2008, defendant was indicted in this case. The five-count indictment charged defendant with robbing the Bank One located at 4711 N. Lincoln, Chicago, Illinois of $108,635 on January 20, 2005 (Count One), robbing the LaSalle Bank located at 2545 W. Devon, Chicago, Illinois of $75,699 on April 22, 2005 (Count Two), attempting to rob the First Commercial Bank located at 6945 North Clark Street, Chicago, Illinois on August 30, 2007 (Count Three), robbing the Citibank located at 3128 North Ashland Avenue, Chicago, Illinois of $317,000 on December 28, 2007 (Count Four), and attempting to rob the Chase Bank located at 5134 North Clark Street on August 26, 2008 (Count Five). Among other evidence of defendant's guilt, five victim-witnesses positively identified him in a photo lineup.

2. This case is set for trial on October 4, 2010. On August 16, 2010, defense counsel produced to the government the expert report of Solomon M. Fulero, which is attached to this motion as Exhibit A. Defense counsel has indicated to the government that the defense intends to tender Dr. Fulero as an expert witness at trial. Dr. Fulero's report states that he is "an expert in the

psychology of eyewitness identification." Exh. A. at 1. Specifically, Dr. Fulero states that his "specialization is legal psychology, a field that includes the study of memory and eyewitness identification." *Id*.

3.  In his report, Dr. Fulero states that he would testify that "the failure to utilize a double-blind lineup in this case increased the risk that the positive identifications of Jose Banks were mistaken." *Id*. at 3. According to Dr. Fulero, "[t]here is extensive scientific evidence that police officers who know who the suspect is can unintentionally influence the witnesses who view the line-ups. Case detectives often inadvertently provide witnesses with verbal or non-verbal cues which tend to influence who they ultimately identify." *Id*. at 4. Dr. Fulero does not cite any of this "extensive scientific evidence" in his report.

4.  Dr. Fulero also states that he would testify that "the failure to utilize a sequential line-up procedure increased the likelihood of a false positive identification in this case." *Id*. According to Dr. Fulero, "[t]here is extensive scientific testing which concludes that this process encourages witnesses to engage in a relative judgment process in ways that a sequential procedure does not." *Id*. Dr. Fulero also does not cite any of this "extensive scientific testing" in his report.

5.  Dr. Fulero also opines that Dominick Ciccola, one of the law enforcement officers working on this case, may have "provided witnesses with clues as to who the perpetrator was" in this case because of his involvement in a prior state case involving defendant.

6.  The government needs to evaluate whether it should make a motion to exclude Dr. Fulero's testimony on the grounds that it does not meet the standards set forth by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). In order to determine whether to make such a challenge, and in order to determine whether the government should retain its own

expert in evaluating Dr. Fulero's testimony for a *Daubert* challenge, or in rebutting Dr. Fulero's testimony at trial, the government needs both the information upon which Dr. Fulero relied in rendering his opinion, including the information provided to Dr. Fulero as well as the studies referred to by Dr. Fulero.

7. Accordingly, the government seeks an order requiring defendant to (1) produce a description of all information provided to Dr. Fulero, including the Bates number of any documents produced by the government that were provided to Dr. Fulero; and (2) to produce any information provided to Dr. Fulero that was not produced by the government.

8. The government further seeks an order requiring defendant to produce a list of all studies relied upon by Dr. Fulero in rendering his opinion, and copies of those studies. Many of the studies are likely in specialized journals to which the government does not have ready access, and some of the studies were referred to by Dr. Fulero but were not cited in the report.

9. Production of this requested discovery is necessary for the government to effectively assess Dr. Fulero's opinion, and to properly inform this Court of any information necessary for this Court to carry out its gate-keeping role, as set forth in *Daubert*.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Renato Mariotti
RENATO MARIOTTI
SHERI H. MECKLENBURG
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
Dated: August 20, 2010 (312) 886-7855