UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERCA, | ) | |
|     Plaintiff, | ) | No. 08 CR 688 |
| v. | ) | Honorable Rebecca R. Pallmeyer |
| | ) | |
| JOSEPH BANKS, | ) | |
|     Defendant. | ) | |

MOTION TO QUASH SUBPOENA

Now comes Kuumba Lynx, by and through their attorney, Brendan Shiller of the Shiller Preyar Law Offices, with the instant motion to quash pursuant to Federal Rules of Criminal Procedure Rule 17(c)(2), and in support state as follows:

1. On May 5, 2012 the attached subpoena (Exhibit 1) was served at the performance location for the Kuumba Lynx performance troupe (Clarendon Park, 4501 N. Clarendon, Chicago). The subpoena was then forwarded to Kuumba Lynx' executive director, Jacinda Hall-Bullie.

2. Kuumba Lynx is a small nonprofit that directly services approximately 2500 students annually through its citywide Arts Residencies, Performance Apprenticeships, and free weekly Drop In Arts classes. Their annual and monthly cultural events engage approximately 5,000 youth and their families through the production of interdisciplinary theatrical works and professional dance concerts. Kuumba Lynx reaches an estimated audience of 25,000.

3. Their 2011 annual budget was $256,409 and their 2010 was $198,000. The vast majority of these funds go to pay artists and to pay contractual rates for the 16 active teaching artists on their roster. Kuumba Lynx has only two salaried people—the founders Jacinda

1

Hall-Bullie and Jaquanda Villegas. Both Hall-Bullie and Villegas work more than 80 hours a week each on their current duties.

4. From its inception in 1995 until 2001, Kuumba Lynx kept only paper records. Beginning in 2002, Kuumba Lynx started keeping its banking and financial records electronically on Quickbooks™ software. The Quickbooks records from 2002 until 2007 were destroyed, however by a virus that permanently disabled the computer that they were using in 2007.

5. Kuumba Lynx does have electronic financial records from 2007 until the present. They do have some paper records from the prior years stored away. Under Illinois law, however, they are only required to keep records for six years.

6. The attached subpoena seeks "all records relating to Joseph Banks (a/k/a "Jose Banks") from January 1, 1999 to the present, including receipts, cancelled checks, invoices, videos, and brochures".

7. Banks was one of hundreds of artists that have collaborated with and/or contracted with Kuumba Lynx in the 17 years of Kuumba Lynx's operations.

8. Jacinda Hall-Bullie estimates that it would take several hours to compile the records sought going back from the present to 2007. And, that it would take several days to compile the records going back from the present to 1999. In either case, the work would have to be performed entirely by either Hall-Bullie or Villegas.

9. The work necessary to comply with this subpoena is unreasonable and oppressive. See generally Fed R. Crim Proc. Rule 17 (c)(2). Further, counsel is unsure of what value these documents have to the case at hand. Counsel reviewed the docket through Pacer and ascertained that this is a bank robbery case involving five different forcible bank

robberies from 2005 through 2008. What possible relevance is there in the contractual arrangements the Defendant had with Kuumba Lynx?

10. Subpoena for documents may be quashed in criminal case if their production would be unreasonable **or** oppressive. *Unites States v. Nixon*, 94 S.Ct. 3090, 418 U.S. 683, 41 L.Ed.2d 1039 (1974). Whether to quash the subpoena is a matter within the discrection of the District Court. *Margoles v. United States*, 402 F.2d 450 (7th Cir. 1968).

11. The Government's request to have Kuumba Lynx comb through 13 years of financial records, including 8 to 9 years that are only in paper form, is both unreasonable and oppressive. As such, this Court may quash the subpoena for either reason.

12. Further, the materials sought by the Government do not appear to be facially relevant or material to the five counts of bank robbery charged in the instant case.

13. Consequently, movant, Kuumba Lynx requests that this Court:
    a. Quash the subpoena in its entirety; or in the alternative
    b. Quash the subpoena as it relates to documents prior to 2007 and require the government to pay reasonable remuneration ($15 an hour or approximately $60 to $75) to obtain the documents requested from 2007 to the present; or in the alternative
    c. Require the government to pay reasonable remuneration ($15 an hour and approximately $360) to obtain the documents requested from 1999 to the present.
    Respectfully Submitted,

s/ Brendan Shiller
The Shiller Preyar Law Offices
1100 West Cermak, Suite B401
Chicago, Illinois 60608
(312) 226-4590

**Certificate of Service**

Brendan Shiller, a licensed attorney, hereby certifies that a copy of the foregoing was served upon opposing counsel, via the EM/ECF system.

/S/ Brendan Shiller /S/